UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:21-CR-00008 |
| ) | |
| [3] WILLIAM L. DONALDSON ) | JUDGE TRAUGER |
| ) | |

**UNITED STATES' RESPONSE TO DEFENDANT DONALDSON'S MOTION IN LIMINE NUMBER FOUR (MOTION TO EXCLUDE REFERENCES TO SEXUAL ENCOUNTERS OR PREFERENCES)**

The United States of America, through Henry C. Leventis, United States Attorney for the Middle District of Tennessee, and Assistant United States Attorneys Sarah K. Bogni and Nani M. Gilkerson, hereby presents a response to defendant Donaldson's motion to exclude references to sexual encounters or preferences. (DE #277.) For the reasons set forth below, the Court should deny part of the motion as moot and deny or reserve ruling on the remainder of the motion.

**RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

The defendants are charged in this case with a conspiracy to illegally dispense controlled substances, in violation of Title 21, United States Code, Section 846, conspiracy to commit health care fraud, and health care fraud in violation of Title 18, United States Code, Sections 1349 and 1347,[1] and defendants Weir and Donaldson are charged with a conspiracy to defraud the United States and violate the Anti-Kickback Statute, in violation of Title 18, United States Code, Section

---

[1] Defendant Donaldson is charged in the health care fraud conspiracy, but is not charged in the substantive counts at Counts 3 through 6.

371,[2] all in connection with their operation of and activities related to Dale Hollow Pharmacy and Clay County Xpress Pharmacy, in Celina, Tennessee, between 2014 and 2019. (DE #3.)

On October 4, 2023, the Court entered an order setting the trial in this matter to begin on November 28, 2023. (DE #207.) The Court also ordered the United States to "disclose to the defense all exhibits to be used at trial" by October 30, 2023, one month prior to the trial date. On October 30, 2023, the United States complied with that Order and filed its proposed exhibit list, reserving the right to amend its list given defenses that might be raised or if additional evidence become relevant at trial. (DE #220.) Although not ordered by the Court to do so, the United States also provided defendants with an electronic copy of all its proposed exhibits on the same day, and identified any physical exhibits and made those available for inspection. On the same day, after obtaining the United States' exhibits, defendants jointly moved to continue the trial date. (DE #222.) On November 2, 2023, the Court entered an order continuing the trial in this matter to April 2, 2024. (DE #230.)

On January 22, 2024, defendant Donaldson moved to exclude all references to his sexual encounters or preferences. (DE #277.) In the motion, the defendant argues that such evidence is irrelevant. Alternatively, the defendants argue the evidence should be excluded under Rule 403.

## ARGUMENT

To exclude evidence through a motion in limine, the evidence must be "clearly inadmissible on all potential grounds." *United States v. Anderson*, 563 F. Supp. 3d 691, 694 (E.D. Mich. 2021), aff'd, No. 22-1237, 2023 WL 3413905 (6th Cir. May 12, 2023) (citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). "When a court is unable to determine whether certain evidence is clearly inadmissible, evidentiary rulings should be deferred

---

[2] Defendant Spivey is not charged in the conspiracy at Count 7.

until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in the proper context." *Id.*

Additionally, because the Government was ordered to produce its proposed exhibits weeks in advance of when the trial was originally scheduled to proceed—and over five months before trial is now scheduled to begin—the Government has not yet finalized its evidentiary presentation. Accordingly, to meet the Court's October 30, 2023 deadline to disclose exhibits, the Government endeavored to mark any exhibits, including photographs, that it might seek to introduce at trial (after meeting with its witnesses), as well as exhibits that might be needed to rebut potential defenses by defendants.[3] At that point, the Government sought to identify the universe of evidence that it may seek to admit at trial, but the final decisions regarding whether to offer particular pieces of evidence (and the relative probative value of the evidence) will depend upon the testimony of witnesses at trial. Additionally, the probative value of some of the exhibits will, in part, rise and fall depending on variables that are yet undetermined, such as how other evidence will come in at trial, the defenses asserted, and the lines of cross-examination that defendants pursue. In other words, the Government may choose not to offer into evidence all exhibits at issue here. It is likely the United States will amend its exhibit list prior to trial given the trial date will occur more than five months after it provided its initial exhibit list to defendants.[4]

---

[3] Indeed, as of the date of this response, the parties are still over eight weeks out from trial and the Government still has multiple witnesses to meet with in preparation for trial.

[4] For instance, in response to defendants' joint motion in limine number nine (DE #263), the United States procured and produced to defendants a copy of CMS's training "Combating Medicare Parts C and D Fraud, Waste and Abuse (December 2015)" which it has added to its exhibit list. (DE #302 at p. 14, n.6.)

Neither the Court nor the United States know what specific defense(s) might be raised at trial. The defendants have not produced any reciprocal discovery to the United States and have not identified any of their own trial exhibits.

In support of his motion, defendant Donaldson identifies text message threads that are identified on the United States' Exhibit List. (DE #277 at 2.) The United States marked text message threads that were extracted from the phones of co-conspirators in this case. Although the United States provided the text threads in their entirety to defendants, it plans to seek to admit only certain text messages as relevant and admissible evidence. The United States provided the entire text thread to defendants so they could easily find the conversation in discovery and understand the context for text messages the United States will seek to admit. What the United States will seek to admit will be redacted and limited to the isolated text messages that are relevant and admissible from the text thread. Because of this, it would be premature for the Court to rule on the motion at this time.

The United States is not going to refer to sexual preferences or sexual encounters of defendant Donaldson, or of any other defendant or witness. Such evidence is irrelevant. The Court should deny that portion of the motion as moot. However, the remaining evidence defendant Donaldson seeks to exclude is relevant and not unduly prejudicial, the defendant's motion should be denied with respect to this evidence.

### I. Portions of Text Messages are Relevant and Admissible

In his motion, defendant Donaldson identifies as evidence to be excluded portions of text messages that are not related to sexual preferences or encounters and are relevant to the charges in this case. For example, a text message exchange between an employee of Dale Hollow Pharmacy and co-conspirator John Polston, the pharmacist-in-charge at Dale Hollow Pharmacy, that states

4

"Percocet for everyone" and references a bus arriving with patients, is probative of the knowledge and intent of defendants and their co-conspirators to illegally dispense in that it tends to make it more likely that defendants were aware that Dale Hollow Pharmacy dispensed "Percocet" to "everyone" and that patients arrived together in large groups to fill prescriptions. (DE #277 at 2.)

Defendant Donaldson identifies another text message from a prescribing physician to John Polston identifying Donaldson in a store window with his shirt off. *Id*. This text message is also not related in any way to Donaldson's sexual preferences or sexual encounters. Its relevance will be made clear at trial through witness testimony and text messages such as the one identified by defendant Donaldson. For instance, the Government anticipates that evidence will establish that defendant Donaldson returned to work for the pharmacy in 2017 after serving several months at a halfway house due to the revocation of his federal supervised release. Defendant Weir, in an attempt to hide Donaldson's continued involvement with the pharmacy from regulators, moved Donaldson to the durable medical equipment warehouse a few blocks from the pharmacy. That warehouse has large pane glass windows and is on a busy corner in Celina. The evidence will demonstrate that defendant Donaldson continued to work for the pharmacy from that location. Thus, text messages from a prescribing doctor to John Polston is evidence that pharmacy employees and co-conspirators knew Donaldson was still working for the pharmacy, off the official record, and intended to keep Donaldson around so that he would keep recruiting his patients to the pharmacies. This evidence is probative of defendants' knowledge and intent to conspire to violate the Anti-Kickback Statute, health care fraud, and illegally dispense controlled substances.

Lastly, in his motion, defendant Donaldson identifies an email that contains the word "pervert." Although lacking any context, the Government agrees to redact this word, leaving the remainder of the email. *Id*.

Defendant Donaldson does not establish that any of this evidence is "clearly inadmissible on all potential grounds," *Anderson*, 563 F. Supp. 3d at 694; rather, defendant's arguments only serve to underscore the need to wait until trial to evaluate the exhibits' relevance in context.

All of the evidence defendant seeks to exclude is probative of the crimes charged, namely, the defendants' knowledge or intent to conspire to illegally dispense controlled substances, commit health care fraud, and violate the Anti-Kickback Statute.

## II. There Is No Unfair Prejudice.

The defendants argue that this evidence should be excluded under Rule 403 because it is unfairly prejudicial. (DE #277.) As stated above, the United States will not offer evidence of defendant Donaldson's sexual preferences or encounters. However, portions of text messages or emails offered that do not reference sexual preferences or encounters are relevant and are not unfairly prejudicial. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see United States v. LaVictor*, 848 F.3d 428, 445 (6th Cir. 2017); *United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015). All evidence offered to prove a crime, of course, "is to some extent prejudicial" to the defendant. *United States v. Talley*, 164 F.3d 989, 1000 (6th Cir. 1999). Importantly, however, although evidence may be *unfairly* prejudicial for purposes of Rule 403 if it invites the jury to decide the case "on an improper basis," it is not unfairly prejudicial if "it only damages the defendant's case due to the legitimate probative force of the evidence." *United States v. Houston*,

813 F.3d 282, 291 (6th Cir. 2016) (quotation marks omitted); *see In re Air Crash Disaster*, 86 F.3d 498, 538 (6th Cir. 1996) ("Rule 403 does not exclude evidence because it is strongly persuasive or compellingly relevant—the rule only applies when it is likely that the jury will be moved by a piece of evidence in a manner that is somehow unfair or inappropriate. The truth may hurt, but Rule 403 does not make it inadmissible on that account."). Rule 403, furthermore, "is strongly weighted toward admission," *United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018), and exclusion of otherwise-admissible evidence under the rule "is an extraordinary remedy [that] should be used sparingly," *United States v. Durham*, 902 F.3d 1180, 1224 (10th Cir. 2018) (quotation marks omitted).

Redacted portions of text messages, emails, or other evidence as described above is direct evidence of the crimes charged and is probative of defendants' knowledge and intent. Defendant Donaldson has not established that the probative value of this evidence is substantially outweighed by unfair prejudice. This Court should thus decline to exclude this evidence under Rule 403.

## CONCLUSION

For the reasons above, the government respectfully requests that this Court should deny the defendants' Motion in Limine Number Four (Motion to Exclude References to Sexual Encounters or Preferences) (DE #277) as partially moot, deny the remainder, or reserve ruling on the motion until the evidence is presented at trial.

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney
Middle District of Tennessee

*s/ Sarah K. Bogni*
Sarah K. Bogni
Nani M. Gilkerson
Assistant United States Attorneys

7

719 Church Street, Suite 3300
Nashville, Tennessee 37203
Telephone: (615) 736-5151

8

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2024, I electronically served a copy of the response in opposition with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to counsel for the defendants.

<u>*s/ Sarah K. Bogni*</u>
Sarah K. Bogni