UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Case No. 2:21-CR-00008 |
| | ) | |
| [1] THOMAS K. WEIR | ) | |
| | ) | JUDGE TRAUGER |
| [3] WILLIAM L. DONALDSON | ) | |
| | ) | |
| [4] PAMELA SPIVEY | ) | |

**UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NUMBER
SEVENTEEN (MOTION TO EXCLUDE PHOTOS OF "CARLOS THE MONKEY")**

The United States of America, through Henry C. Leventis, United States Attorney for the Middle District of Tennessee, and Assistant United States Attorneys Sarah K. Bogni and Nani M. Gilkerson, hereby presents a response in opposition to defendants' joint motion in limine number seventeen to exclude photographic evidence as not relevant or unfairly prejudicial. (DE #284.) For the reasons set forth below, this should be denied, or the Court should reserve ruling until trial.

**ARGUMENT**

As a threshold matter, the Government notes that in this motion, as in many of their other motions in limine, defendants are largely attempting to litigate, in advance of trial, whether the Government's proffered evidence is relevant. To exclude evidence through a motion in limine, the evidence must be "clearly inadmissible on all potential grounds." *United States v. Anderson*, 563 F. Supp. 3d 691, 694 (E.D. Mich. 2021), aff'd, No. 22-1237, 2023 WL 3413905 (6th Cir. May 12, 2023) (citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). "When a court is unable to determine whether certain evidence is clearly inadmissible, evidentiary rulings

should be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in the proper context." *Id.*

Whether to offer particular pieces of evidence (and the relative probative value of the evidence) will depend upon the testimony of witnesses at trial. Additionally, the probative value of some of the exhibits will, in part, rise and fall depending on variables that are yet undetermined, such as how other evidence will come in at trial, the defenses asserted, and the lines of cross-examination that defendants pursue. In other words, the Government may choose not to offer into evidence all of the exhibits at issue here. However, it maintains that all exhibits are relevant under Federal Rule of Evidence 401.[1]

Federal Rule of Evidence 401 defines relevant evidence as evidence that "has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Making a "fact of consequence" more likely is not limited to the elements of the offense or the ultimate issue. Rather, a fact of consequence can be a mere inference that helps lead to an "ultimate fact," and such inference may travel along multiple "evidentiary route[s]" to arrive at the ultimate fact. *Old Chief v. United States*, 519 U.S. 172, 179 (1997). Further, these facts may relate to anticipated defenses, such as a "mere presence" defense. *See United States v. Curtin*, 489 F.3d 935, 940 (9th Cir. 2007) ("Federal courts have repeatedly held that the government may offer evidence in its case-in-chief in anticipation of an expected aspect of the defense.").

Relevant evidence is admissible and may only be excluded "if its probative value is *substantially* outweighed by the danger of *unfair* prejudice." *United States v. Whittington*, 455 F.3d 736, 739 (6th Cir. 2006) (emphasis in original) (citing Fed. R. Evid. 403); *see also United*

---

[1] Notwithstanding its burden of proof, the United States does not intend to offer unnecessarily cumulative or repetitive evidence, and it is mindful of the Court's broad discretion pursuant to Federal Rules of Evidence 403, 611(a), and otherwise.

States v. Gibbs*, 797 F.3d 416, 422 (6th Cir. 2015) ("A defendant is not afforded the right to be free of all prejudicial evidence, merely evidence that is unfairly prejudicial to the extent that it outweighs its probative value."). "Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993) (internal quotations omitted). Rule 403 balancing favors admissibility, and exclusion under "Rule 403 is an 'extraordinary remedy to be used sparingly because it permits the trial court to exclude otherwise relevant evidence.'" *United States v. Hofstetter*, 2019 WL 6718489, at *5 (E.D. Tenn. Dec. 9, 2019) (quoting *United States v. Taylor*, 2006 WL 3359280, at *1 (E.D. Tenn. Nov. 17, 2006)). In conducting a Rule 403 balancing test, courts "'must look at the evidence in the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect.'" *United States v. Perry*, 438 F.3d 642, 648 (6th Cir. 2006) (quoting *United States v. Zipkin*, 729 F.2d 384, 389 (6th Cir. 1984)).

Because the evidence defendants seek to exclude is relevant and not substantially outweighed by danger of unfair prejudice, defendants' motion in limine should be denied.

**A. Photographs and Testimony About "Carlos the Monkey" and "Monkey Bucks"**

In defendants' motion (DE #284), they seek to exclude proposed Government Exhibits 675, 698, 701, and 711. (Attachment A.) These proposed exhibits are photographs of a monkey inside Xpress Pharmacy. Defendants make two arguments supporting exclusion, both of which are without merit.

First, they argue that the evidence is irrelevant under Rule 401, because Xpress Pharmacy, unlike Dale Hollow Pharmacy, was not alleged in the indictment to have used "Monkey Bucks,"

and defendant Spivey was not charged with a conspiracy to violate the Anti-Kickback Statute.[2] This argument does not establish that this evidence is "clearly inadmissible on all potential grounds." *Anderson*, 563 F. Supp. 3d at 694. The Government anticipates that witness testimony and other evidence elicited at trial will establish that defendant Weir and Donaldson, who are charged with conspiring to violate the Anti-Kickback Statute, designed a currency, called "Monkey Bucks," which was used as an illegal inducement to patients of Dale Hollow Pharmacy, using the likeness of Carlos the Monkey. Witnesses will describe the fake currency and then identify Carlos the Monkey from the exhibits as the monkey on the currency. Witnesses will also explain that the monkey was known to belong to Donaldson. Carlos the Monkey was thus used by Weir and Donaldson to alert patients that Donaldson was associated with Dale Hollow Pharmacy and to illegally induce them through the use of "Monkey Bucks" and otherwise, to bring their medications to the pharmacy, which would then be billed to Medicare and TennCare.

Photographs of Carlos the Monkey in Xpress Pharmacy are from the cell phone of co-conspirator and pharmacist-in-charge at Xpress Pharmacy, Michael Griffith. The United States anticipates Mr. Griffith will identify Carlos the Monkey inside Xpress Pharmacy and the connection to Donaldson, Weir, and "Monkey Bucks." The photographic evidence related to Carlos the Monkey ties the monkey to the illegal patient inducements and defendants' knowledge of Donaldson's presence at the pharmacies, tends to make the fact of the existence of "Monkey Bucks" as an inducement to patients more probable, provides needed context for the jury, and provides the direct tie to Donaldson.[3]

---

[2] For a time, Xpress Pharmacy used a similarly designed currency known as "Tulip Bucks."

[3] There are additional relevant bases that will be presented at trial. For instance, the United States anticipates testimony that a patient of both pharmacies, B.M., also took care of Carlos the Monkey and appeared in Xpress Pharmacy with the monkey, including in the photographs defendants seek to exclude. B.M., B.M.'s son, and others related to B.M., obtained controlled substances from

The presence of the monkey inside of Xpress Pharmacy does not constitute a "bad act" nor is it offered for a propensity purpose under Federal Rule of Evidence 404(b), as defendants suggest. (DE #284 at 4-5.) The United States is not offering photographs of Carlos the Monkey inside of Xpress Pharmacy to suggest any improper purpose, nor does it suggest that a pharmacy allowing an animal is unsanitary and thus they must have engaged in illegal dispensing.

Likewise, any potential prejudice to defendant Spivey by admission of the exhibits is not "unfair prejudice" and is minimal compared to the probative value of this evidence to show Weir's and Donaldson's knowledge and intent to violate the Anti-Kickback Statute. The fact that this evidence links Dale Hollow Pharmacy and Clay County Xpress Pharmacy does not establish that it is unfairly prejudicial. (DE #284 at 5-6.) The introduction of evidence related to Carlos the Monkey does not tend to "conjur[e] a link" that doesn't exist between Dale Hollow Pharmacy and Xpress Pharmacy. *Id*. The link does exist, even if defendant Spivey wishes it did not.[4] The United States expects the evidence adduced at trial will demonstrate that Donaldson's activities on behalf of Dale Hollow Pharmacy were also taken on behalf of Xpress Pharmacy, including the transportation of patients to doctors who wrote controlled substance prescriptions and then

---

both pharmacies and lived with Donaldson at the house owned and controlled by defendant Weir that is alleged to be part of the charged kickback conspiracy through Weir's purchase of the property and purported "rental" arrangement with Donaldson, and is where Donaldson, in a car purchased for him by Weir, transported patients to doctors who wrote controlled substance prescriptions. Patients are expected to testify they bought, sold, and abused pills dispensed by the pharmacies at the house owned by Weir where Donaldson lived at reduced rent pursuant to their illegal kickback arrangement. This evidence is highly probative of the conspiracy and of knowledge and intent to illegally dispense and motive to commit the charges in this case. This is an additional reason why ruling on the admissibility of such photographs should be reserved for trial when the United States seeks to admit the proof, should it choose to do so.

[4] Defendants' motion argues that admitting the evidence "would blur the distinctions between the two pharmacies and urge a blurring of other evidence discrete to each pharmacy and each defendant." (DE #284 at 6.) Evidence that links the two pharmacies is not unfairly prejudicial, it is a fact of consequence that is firmly based in the evidence.

transporting them back to Dale Hollow Pharmacy *and* Xpress Pharmacy to have them dispensed. Notwithstanding Spivey's continued attempts to distance herself from Dale Hollow Pharmacy, the two pharmacies became inextricably linked when Spivey sold a majority interest in Xpress Pharmacy to Weir, and the evidence at trial will demonstrate that symbiotic connection in a myriad of ways, including, among other things, the fact that the pharmacies shared buprenorphine ordered from distributors, and the business office for the pharmacy manager of Dale Hollow Pharmacy was inside Xpress Pharmacy, where the manager also worked and met regularly with Weir.

The substantial probative value of this evidence is not outweighed by the risk of unfair prejudice. These photographs and related evidence are relevant and are not "propensity evidence"; rather, they go directly to defendants' knowledge and intent to commit the crimes charged in this case. This Court should thus deny defendants' motion and reserve any rulings on the admissibility of specific photographs until trial.

## **CONCLUSION**

For the foregoing reasons, the Court should deny defendants' joint motion in limine number seventeen to exclude photos of Carlos the Monkey. (DE #284.)

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney for the
Middle District of Tennessee

*/s/ Sarah K. Bogni*
SARAH K. BOGNI
NANI M. GILKERSON
Assistant United States Attorneys
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Telephone: 615-736-5151

## CERTIFICATE OF SERVICE

      I hereby certify that on February 5, 2024, I electronically filed a copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to counsel for all defendants in this case.

      /s/ *Sarah K. Bogni*
SARAH K. BOGNI
Assistant United States Attorney

7
Case 2:21-cr-00008   Document 314   Filed 02/05/24   Page 7 of 7 PageID #: 1744